IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| PRINCE MCCOY, SR., | § | |
| TDCJ-CID No. 00852958, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-153-Z-BR |
| | § | |
| JOHN T. STOKES, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint and supplemental complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed August 20, 2018 (ECF No. 3) ("Complaint") and March 29, 2021 (ECF No. 15-1) ("Supplemental Complaint"). Plaintiff's Motion to File the Supplemental (Amended) Complaint is **GRANTED**. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff's Complaint, with his Supplemental Complaint, is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff alleges that on August 16, 2017, while he was away from his cell for recreation, Defendant Stokes searched his cell in retaliation for a brief verbal interaction between them that occurred directly prior to the search. *See* ECF No. 3, at 4. Plaintiff claims his cell was in complete disarray when he returned and various property and food items were damaged. *Id.* at 6.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

Fifth Circuit precedent holds that inmates do not have an expectation of privacy in their prison cell to support a claim for unreasonable searches and seizures. *See United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009)). The Fourteenth Amendment protects against random and unauthorized deprivations of property or liberty interests, but Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Texas courts have allowed inmates to raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, *reh. overruled*)). The *Parratt-*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

*Hudson* doctrine renders Plaintiff's suit frivolous.

> *Parratt* and *Hudson*, considered together, hold when plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are random and unauthorized", a post-deprivation tort cause of action in state law is sufficient to satisfy due-process requirements. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (citation and internal quotation marks omitted) (emphasis in original). [Plaintiff's] complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure, and he does not dispute the court's finding in this regard. Accordingly, Texas has adequate post-deprivation remedies—such as the tort of conversion—for the confiscation of a prisoner's property. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) ("A state's failure to follow its own procedural regulations does not constitute a violation of due process ... if constitutional minima have nevertheless been met.") (cleaned up).

*Hernandez v. Egwe*, 840 Fed. Appx 797, (Mem), 798 (5th Cir. 2021). Plaintiff had an adequate post-deprivation remedy to address the loss of his property. Thus, Plaintiff's claim must be **DISMISSED** with prejudice.

Plaintiff's claims regarding the inadequate grievance process are likewise frivolous. A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint and Supplemental Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June  14 , 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE